IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:09-cr-9 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| JOSE M. BUENO, SR. (1), | : | |
| Defendant. | : | |

**ORDER GRANTING DEFENDANT'S RENEWED MOTION REQUESTING EARLY TERMINATION OF SUPERVISED RELEASE (Doc. 53)**

This matter is before the Court on Defendant Jose M. Bueno, Sr.'s renewed motion for early termination of his supervised release. (Doc. 53).

I.

Mr. Bueno requests early termination of his 5-year period of supervised release. He is 78 years old and represents that he suffers from serious medical conditions, including severe peripheral artery disease. He states that he was recently hospitalized. He also states that he has maintained an unblemished record, fully complied with the conditions of his supervised release, and avoided any illegal entanglement for over a decade. He points out that he has served over 90% of his term of supervised release and that only about six months remain. He requests that, given his increasingly urgent need for affordable medical treatment, which he can receive from his family doctors in Mexico, the Court terminate the remaining period of his supervised release. (Doc. 53.)

The Government responds in non-opposition. It has confirmed Mr. Bueno's representations regarding his conditions and, based on the time he has already spent on supervised release, does not oppose his requested relief. (Doc. 56).

II.

The decision of whether to terminate an individual's term of supervised release before it expires, under 18 U.S.C. § 3583(e), is a discretionary call. *United States v. Suber*, 75 F. App'x 442, 443 (6th Cir. 2003). Section 3583(e) governs modifications of conditions or revocation of supervised release. A district court may, after consideration of various factors set forth in § 3553(a), terminate a term of supervised release at any time after the expiration of one year of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). No hearing is necessary in this case under Fed. R. Crim. P. 32.1(c).

Mr. Bueno satisfies the one-year requirement. He has been under supervision for over four years. Application of the factors in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) favors early termination of Mr. Bueno's supervised release. Although the nature and circumstances of the crime were serious, his history and characteristics since receiving the sentence—which ended early—do not reveal any lapses into criminal conduct. His sentence term from August 2010 to March 2016 and supervised release term since then have provided adequate deterrence and protection to the public. Furthermore, early termination will facilitate his current medical needs by permitting him to travel to Mexicali and Tijuana, Mexico, to receive medical care with family doctors. He is on the tail-end of his supervised release term—less than six months

remain.  The Court finds that requiring Mr. Bueno to serve out the remainder of his supervised release term would not advance the § 3553 factors any more than his early release would.

Lastly, Mr. Bueno's conduct and the interests of justice warrant early termination of his supervised release.  The Government has not identified any conduct on Mr. Bueno's part that would preclude early termination.  And, since Mr. Bueno is 78 years old, with the current Covid-19 pandemic underway, permitting him to seek medical care from doctors he knows and can afford serves the interests of justice.  *See* 18 U.S.C. § 3583(e)(1).

III.

For the reasons above, the Court **GRANTS** Mr. Bueno's renewed motion requesting early termination of his supervised release (Doc. 53).  Mr. Bueno's supervision shall be terminated and he shall be discharged from that supervision immediately.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: *[signature]*
JUDGE MATTHEW W. McFARLAND